**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **CHEUNG CHAN**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 20-cv- |
| | ) | |
| -vs- | ) | Judge: |
| | ) | |
| **TARGET CORPORATION,** | ) | Magistrate Judge: |
| | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

TO:  The Honorable Judges of the           Jay Heller
United States District Court for           Heller & Richmond, Ltd.
Northern District of Illinois              33 N. Dearborn Street
Eastern Division                           Suite 1907
219 S. Dearborn Street                     Chicago, IL 60602
Chicago, IL 60604

Pursuant to *28 U.S.C. § 1441, et seq.*, and *28 U.S.C. § 1332,* Defendant, **TARGET CORPORATION**, by and through one of its attorneys, Robert M. Burke of JOHNSON & BELL, LTD., hereby gives notice of the removal of the above captioned action from the Circuit Court of Cook County, Cause No. 20-L-008036, to the United States District Court, Northern District of Illinois, Eastern Division, and in support thereof, states the following:

1. This action is being removed to federal court based upon the diversity of citizenship of the parties to this cause, and the existence of the requisite amount in controversy, as is also more fully set forth below.

2. On July 31, 2020, Plaintiff, Cheung Chan, initiated the above captioned lawsuit by the filing of a Complaint entitled *Cheung Chan v. Target Corporation, a foreign corporation, d/b/a Target Stores,* Docket No. 20-L-008036, in the Circuit Court of Cook

County, Illinois. *A copy of the Complaint at Law is attached hereto as Exhibit "A" and incorporated herein by reference.*

3.   On or about August 28, 2020, Plaintiff caused a Summons to be issued for service upon the registered agent of Target Corporation. *A copy of said Summons is attached hereto as Exhibit "B" and incorporated herein by reference.*

3.   Service was obtained on Target Corporation's registered agent on September 2, 2020.

4.   The United States District Court for the Northern District of Illinois, Eastern Division, has jurisdiction over the above captioned lawsuit pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 for the following reasons:

(a) Plaintiff, Cheung Chan, at the time the lawsuit was commenced and at all relevant times, has been a resident and citizen of the State of Illinois;

(b) Defendant, Target Corporation, at the time the lawsuit was commenced and at all relevant times, has been a Minnesota corporation with its principal place of business in Minnesota; therefore, for diversity of citizenship purposes, it is a citizen of the State of Minnesota;

(c) According to the allegations contained in Plaintiff's Complaint herein, the amount of damages sought in this action by Plaintiff is an amount in excess of $50,000.00. (See page 3 of Exhibit "A".) Plaintiff, Cheung Chan, claims to have suffered "diverse temporary and permanent disabling injuries to her head, body, mind, limbs and nervous system"…which has caused her to expend and incur "obligations for medical expenses and care and will in the future expend and incur such further obligations." She alleges further that she "has been and will be prevented from attending to her usual affairs and duties and has lost and will continue to lose great gains she would otherwise have made and acquired." (Exhibit "A" at paragraph 9. Such allegations that Plaintiff has sustained a permanent injury are sufficient to trigger the duty to remove the case. *McCoy v. General Motors Corp.*, 226 F. Supp. 2d 939 (N.D. Ill. 2002*)*; *Varkalis v. Werner Co. & Lowe's Home Center*, No. 10-cv-3331, 2010 WL 3273493 (N.D. Ill. Aug. 18, 2010), a copy of which decision is attached hereto as Exhibit "C". Moreover, plaintiff's attorney has demanded an amount in excess of $100,000.00 to settle this action, which settlement demand exceeds the amount in controversy required for removal;

(d) Based upon the foregoing, it is Defendant's good faith belief that while liability, causation, and damages will be contested, the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs;

(e) This Notice of Removal is being filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, within thirty (30) days of service of the Summons and Complaint on this Defendant;

(f) This action, based upon diversity of citizenship and the amount in controversy is, therefore, properly removable, pursuant to 28 U.S.C. § 1441(a).

5. Defendant will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois.

**WHEREFORE, TARGET CORPORATION** respectfully requests that this case proceed before this Court as an action properly removed.

        Respectfully submitted,

        JOHNSON & BELL, LTD.

    By:    /s/ Robert M. Burke
            One of the Attorneys for the Defendant,
            Target Corporation

Robert M. Burke, #6187403
Michael J. Linneman, #6275375
JOHNSON & BELL, LTD.
33 W. Monroe St., Suite 2700
Chicago, Illinois 60603
(312) 372-0770
burker@jbltd.com
linnemanm@jbltd.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF system which will send notification of such filing to all attorneys of record.

**/s/Robert M. Burke**
Robert M. Burke, #6187403
Attorneys for Defendant
Target Corporation
JOHNSON & BELL, LTD.
33 W. Monroe St., Suite 2700
Chicago, IL 60603
Telephone: (312) 372-0770
Fax: (312) 372-9818
E-mail: burker@jbltd.com

911144PC

Atty. # 91470

FILED
7/31/2020 10:24 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020L008036

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT- LAW DIVISION

CHEUNG CHAN, )
)
    Plaintiff, )
)
vs. ) No. 2020L008036
)
TARGET CORPORATION, a foreign )
Corporation, )
)
    Defendant. )

## COMPLAINT AT LAW

NOW COMES the Plaintiff, CHEUNG CHAN, by and through her attorneys, HELLER & RICHMOND, LTD., and for her Complaint against the Defendant, TARGET CORPORATION, a Foreign Corporation, Individually and d/b/a, hereby states as follows:

1. That at all times hereto material, the Defendant, TARGET CORPORATION, a Foreign Corporation, was a corporation organized in the State of Minnesota and registered with the Illinois Secretary of State, doing business in Cook County, Illinois.

2. That at all times hereto material, the Plaintiff, CHEUNG CHAN, was and is a resident of Cook County, Illinois.

3. That on or about September 20, 2019, the Defendant, TARGET CORPORATION, owned, managed, maintained and controlled or had a duty to possess, manage, maintain, and control a certain retail store located at 1154 S. Clark St., in the City of Chicago, County of Cook, State of Illinois.

4. That at all times hereto material, the Plaintiff, CHEUNG CHAN, was an invitee on said premises of the Defendant, TARGET CORPORATION, while the Plaintiff was a patron at the retail store described in paragraph 3.

**EXHIBIT A**

5. That at the aforesaid time and place, the Plaintiff, CHEUNG CHAN, was caused to slip, trip or fall over the leg of a clothing rack that was protruding into an area traversed by customers, thereby causing injuries to the Plaintiff, Cheung Chan.

6. That at all relevant times, Defendant TARGET CORPORATION was under a duty to own, manage and/or maintain their premises in a safe condition for invitees, including the Plaintiff, CHEUNG CHAN.

7. That notwithstanding the aforementioned duty, Defendant, TARGET CORPORATION, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

   a. Improperly operated, managed, maintained and controlled the aforesaid premises;

   b. Allowed and permitted a dangerous condition to remain in an aisle, walkway or other area likely to be traversed by customers;

   c. Failed to make a reasonable inspection of the aforesaid premises, when the Defendant knew, or should have known, that said inspection was necessary to prevent injury to the Plaintiff;

   d. Failed to warn the Plaintiff of the dangerous condition of the leg of the clothing rack, when the Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;

   e. Failed to post any warning or notification of the dangerous condition for patrons invited onto the premises.

9. That as a direct and proximate result of the aforesaid careless and negligent acts or omissions of the Defendant, TARGET CORPORATION, the Plaintiff, CHEUNG CHAN, was caused to suffer diverse temporary and permanent disabling injuries to her head, body, mind, limbs and nervous system, by reason of which the Plaintiff, CHEUNG CHAN, has expended and incurred obligations for medical expenses and care and will in the future expend and incur such further obligations; Plaintiff, CHEUNG CHAN, has been and will be prevented from attending to her usual

affairs and duties and has lost and will continue to lose great gains she would otherwise have made and acquired.

WHEREFORE, the Plaintiff, CHEUNG CHAN, prays for judgment against the Defendant, TARGET CORPORATION, a Foreign Corporation, in an amount exceeding Fifty-Thousand Dollars ($50,000.00), which would fairly and reasonably compensate Plaintiff for her damages plus costs of suit.

Respectfully submitted,

By: /s/ Jay Heller

HELLER & RICHMOND, LTD.
Attorneys for Plaintiff
33 N. Dearborn St., Suite 1907
Chicago, IL 60602
(312) 781-6700
Atty. #91470
jheller@hellerrichmond.com

FILED
8/28/2020 2:30 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020L008036

2120 - Served          2121 - Served
2220 - Not Served      2221 - Not Served
2320 - Served By Mail  2321 - Served By Mail
2420 - Served By Publication  2421 - Served By Publication
Summons - Alias Summons                    (08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

CHEUNG CHAN

(Name all parties)   Case No. 2020 L 008036

v.

TARGET CORPORATION

Please serve:
CT Corporation
208 S. LaSalle, Suite 814
Chicago, IL 60604

☐ SUMMONS  ☒ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 1 of 3

**EXHIBIT B**

**Summons - Alias Summons** (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

FILED DATE: 8/28/2020 2:30 PM 2020L008036

8/28/2020 2:30 PM DOROTHY BROWN

Atty. No.: __91470__  
Atty Name: __Heller & Richmond__  
Atty. for: __Plaintiff__  
Address: __33 N. Dearborn, Suite 1907__  
City: __Chicago, IL 60602__  
State: ____ Zip: _____  
Telephone: __(312) 781-6700__  
Primary Email: _____

Witness: _____

DOROTHY BROWN, Clerk of Court

Date of Service: __9/2/2020__  
(To be inserted by officer on copy left with Defendant or other person):

FILED DATE: 8/28/2020 2:30 PM  2020L008036

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

- Richard J Daley Center
  50 W Washington
  Chicago, IL 60602

- District 2 - Skokie
  5600 Old Orchard Rd
  Skokie, IL 60077

- District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

- District 4 - Maywood
  1500 Maybrook Ave
  Maywood, IL 60153

- District 5 - Bridgeview
  10220 S 76th Ave
  Bridgeview, IL 60455

- District 6 - Markham
  16501 S Kedzie Pkwy
  Markham, IL 60428

- Domestic Violence Court
  555 W Harrison
  Chicago, IL 60607

- Juvenile Center Building
  2245 W Ogden Ave, Rm 13
  Chicago, IL 60602

- Criminal Court Building
  2650 S California Ave, Rm 526
  Chicago, IL 60608

**Daley Center Divisions/Departments**

- Civil Division
  Richard J Daley Center
  50 W Washington, Rm 601
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Chancery Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Domestic Relations Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Civil Appeals
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Criminal Department
  Richard J Daley Center
  50 W Washington, Rm 1006
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- County Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Probate Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Law Division
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Traffic Division
  Richard J Daley Center
  50 W Washington, Lower Level
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

THOMSON REUTERS
WESTLAW EDGE

All content | Enter terms, citations, | Illinois | Search Tips / Advanced | Sign out

# Varkalis v. Werner Co.

United States District Court, N.D. Illinois, Eastern Division. • August 18, 2010 • Not Reported in F.Supp.2d • 2010 WL 3273493 (Approx. 4 p...)

Related documents

- Attorneys and Law Firms
  - Memorandum And Order
- All Citations
- Footnotes

2010 WL 3273493

Only the Westlaw citation is currently available.

This decision was reviewed by West editorial staff and not assigned editorial enhancements.

United States District Court,
N.D. Illinois,
Eastern Division.

## Mary VARKALIS, as Independent Administrator of the Estate of Michael Varkalis, Plaintiff,
v.
## WERNER CO. & Lowe's Home Center Inc., d/b/a Lowe's, Defendants.

No. 10 C 03331.
|
Aug. 18, 2010.

## Attorneys and Law Firms

Martin A. Dolan, Dolan Law Offices, P.C., Chicago, IL, for Plaintiff.

Michael Joseph Meyer, Eric Franklin Long, Stephen Sloan Weiss, Tribler Orpett and Meyer, P.C., Chicago, IL, for Defendants.

*MEMORANDUM AND ORDER*

BLANCHE M. MANNING, District Judge.

*1 The defendants removed the instant lawsuit from the Circuit Court of Cook County and the plaintiff has filed a motion to remand. For the reasons stated below, the motion is granted.

**I. FACTS**

Defendant Werner Co. ("Werner") allegedly manufactured and designed a nine-foot fiberglass stepladder sold by Defendant Lowe's Home Centers Inc. ("Lowe's"). On or around December 21, 2008, Michael Varkalis was using the stepladder in his garage when it buckled and Michael fell and struck his head on the garage floor. He suffered irreversible brain damage and died on August 18, 2009.

EXHIBIT C

II. PROCEDURAL HISTORY

On March 15, 2010, Mary Varkalis, as independent administrator of Michael Varkalis's estate, filed a seven-count complaint in the Circuit Court of Cook County, Illinois, alleging product liability, negligence, breach of warranty, and a Survival Act claim. Specifically, the plaintiff alleged that "[w]hile Mr. Varkalis was on the ladder, it buckled, causing him to fall with great force and violence to the ground below." Comp. at ¶ 6. The complaint further alleged that "as a direct and proximate result of the ladder bucking, Michael Varkalis was severely injured, sustaining irreversible brain damage which led to his death on August 18, 2009." *Id.* at ¶ 7. The defendants, Werner and Lowe's, were properly served on March 22, 2010, and March 24, 2010, respectively.

On April 19, 2010, the defendants filed answers and affirmative defenses to the plaintiff's complaint. In addition, they filed a motion to dismiss counts III and VI on the ground that the plaintiff should have filed separate causes of action for breach of express and implied warranties given that separate recovery was available under each. In response to the motion to dismiss, on May 19, 2010, the plaintiff filed an amended complaint removing the word "express" from Counts III and VI, and proceeding only with the breach of implied warranty cause of action against each of the defendants.

On June 1, 2010, the defendants filed a request to admit facts whereby they requested that the plaintiff admit that she sought to recover from the defendants an amount in excess of $75,000, exclusive of interests and costs. One day later, on June 2, 2010, the defendants removed the case to this court pursuant to the court's diversity jurisdiction. The plaintiff then filed the instant motion to remand on the ground that the removal was untimely.

III. ANALYSIS

  A. *Standard for Removal*

28 U.S.C. § 1446(b) states that a notice of removal must "be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the claim for relief upon which such action or proceedings is based." 28 U.S.C. § 1446(b). Any procedural defect in a case being removed to federal court must be remanded to the state court. *Disher v. Citigroup Global Mkts., Inc.,* 487 F.Supp.2d 1009, 1015 (S.D.Ill.2007) ("where there is doubt as to whether the requirements have been satisfied, the case should be remanded.") (internal citations omitted). Under 28 U.S.C. § 1446(b), a defendant may file a notice of removal within thirty days from receipt of an amended pleading. *See, e.g., Benson v. SI*

Back to top

*Handling Systems, Inc.,* 188 F.3d 780, 782 (7th Cir.1999) (*citing* 28 U.S.C. § 1446(b)). However, this general rule applies only when the original complaint is not removable. *Mortgage Elec. Registration Sys. v. Rothman,* No. 04 C 5340, 2005 WL 497794, at *5 (N.D.Ill. Feb.28, 2005).

B. *Amount in Controversy*

*2 The plaintiff contends that removal was improper as a matter of law because the defendants did not file the notice of removal within thirty days of service of the original complaint, which was April 21, 2010. Instead, the defendants filed their notice of removal on June 2, 2010, and maintain that it was timely regardless of the fact that the filing date was over sixty days from notice of the original complaint. According to what the court understands the defendants to be arguing, it was only when they received the amended complaint that they became aware of the possibility for removal because the amount in controversy alleged in the original complaint was not sufficient to trigger diversity jurisdiction. [1]

Diversity jurisdiction exists where the parties are diverse and where the amount in controversy exceeds $75,000, not including interest and costs. *See* 28 U.S.C. § 1332(a). There is no dispute that the parties are diverse; rather, the defendants argue that the plaintiff did not adequately state an amount in controversy that would have put the defendants on notice of the possibility for removal to federal court. According to the defendants, the original and amended complaint were ambiguous because they sought only "a sum in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County," which amounts to $50,000.

Generally, when a complaint does not express the *ad damnum* in excess of $75,000, the defendant may file its removal notice within thirty days from the plaintiff's admission that they are seeking more than $75,000. *Height v. Southwest Airlines, Inc.,* No. 02 C 2854, 2002 WL 1759800, ––––2–3 (N.D.Ill. Jul.29, 2002); *Abdishi v. Phillip Morris, Inc.,* No. 98 C 1310, 1998 WL 311991, at *1–3 (N.D.Ill. June 4, 1998).* In this case, on June 1, 2010, the defendants filed a request to admit facts to establish that the amount in controversy exceeded $75,000, but did not wait for a response before filing the notice of removal.

A defendant must employ "a reasonable and commonsense reading" of the complaint to determine removability. *RBC Mortgage Comp. v. Couch,* 274 F.Supp.2d 965, 969 (N.D.Ill.2003) (*citing McCoy v. GMC,* 226 F.Supp.2d 939, 941 (N.D.Ill.2002)). A "defendant [is barred from] circumvent[ing] the thirty-day time limit for removal when it is obvious that a complaint states a claim for damages in excess of $75,000, even though it is not

explicitly stated in its *ad damnum* clause." *Gallo v. Homelite Consumer Prods.,* 371 F.Supp.2d 943, 947 (N.D.Ill.2005). Absolute confirmation of the amount in controversy is not necessary where the "plaintiffs allege serious, permanent injuries and significant medical expenses" which exceed $75,000 on the face of the complaint. *Fields v. Jay Henges Enters.,* No. 06–323–GPM, 2006 WL 1875457, at *3 (S.D.Ill. June 30, 2006). *See also RBC Mortgage Co.,* 274 F.Supp.2d at 969 (complaints alleging "serious, permanent injuries" are "unambiguous[ly]" ripe for removal because the plaintiff almost certainly will seek more than $75,000) (citation omitted); *McCoy,* 226 F.Supp.2d at 941 (the 30–day removal period under the first sentence of § 1446(b) is triggered when the complaint alleges "serious, permanent injuries and significant medical expenses, [and] it is obvious from the face of the complaint that the plaintiffs' damages exceed [ ] the jurisdiction[al] amount").

**\*3** Under this standard, the allegations in the original complaint sufficiently alleged the types of serious, permanent injuries to place the defendants on notice that the plaintiff will "almost certainly" seek more than $75,000 such that the defendants could have removed the complaint. The defendants may not restart the tolling clock by requiring absolute certainty of the amount in controversy. *Fields,* No. 06–323–GPM, 2006 WL 1875457, at *7 ("defendants should never ... be able to toll the removal clock indefinitely through reliance on the discovery process to establish jurisdictional prerequisites with absolute certainty"). *See also Huntsman Chem. Corp. v. Whitehorse Techs.,* No. 97 C 3842, 1997 WL 548043, at *5 (N.D.Ill. Sept.2, 1997) (citing *Mielke v. Allstate Ins. Co.,* 472 F.Supp. 851, 853 (D.C.Mich.1979) ("there is no reason to allow a defendant additional time if the presence of grounds for removal are unambiguous in light of the defendant's knowledge and the claims made in the initial complaint."). Because the removal was untimely, the plaintiff's motion to remand the case to state court is granted. [2]

**IV. CONCLUSION**

For the reasons stated above, the motion to remand the case to the Circuit Court of Cook County [8–1] is granted. The clerk is directed to remand this matter forthwith.

## All Citations

Not Reported in F.Supp.2d, 2010 WL 3273493

Back to top

Footnotes

1   It is difficult to decipher exactly what the defendants' argument is in response to the motion to remand. While on the one hand they cite to caselaw stating that a defendant may remove within 30 days after receiving a copy of an amended pleading from which it may first be ascertained that the case is one which is removable, they also argue that they "technically *still* have not received a pleading, motion, order, or "other paper" to confirm that this case is removable" and thus, "one could argue that this case is not yet ripe for removal." Response at 2, Dkt. # 12 (emphasis in original). They go on to argue that "[h]owever, because plaintiff has not contested the removal on the amount in controversy issue [and instead challenges only as to timeliness], the Court can reasonably assume that she will seek more than $75,000." *Id.* Either way, both of the defendants' arguments fail for the reasons described later in this order.

2   The plaintiff alternatively argues that the defendants waived their right to remove the case based on their filing of a partial motion to dismiss in state court. Because the court concludes that the removal was untimely, it need not address this alternative basis for remand.

End of Document    © 2020 Thomson Reuters. No claim to original U.S. Government Works.

## Related documents

**Selected topics** | Secondary Sources | Briefs | Trial Court Documents

Sales
Remedies of Buyer
[Federal Common Law Government Contractor Defense](#)

Contact us • Live chat • Training and support • Improve Westlaw Edge • Transfer My Data • Pricing guide • Sign out   
1-800-REF-ATTY (1-800-733-2889)

Westlaw Edge. © 2020 Thomson Reuters    Accessibility • Privacy • Supplier terms    *Thomson Reuters is not providing professional advice*

Back to top