IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHEUNG CHAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case N0. 20 C 5820 |
| ) | |
| TARGET CORP., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Cheung Chan sued Target Corporation in state court to recover for injuries she suffered following a trip-and-fall at a Target store in September 2019. Target removed the case to federal court based on claimed diversity of citizenship. Cheung has moved to remand the case to state court, contending that the case does not meet the $75,000 amount-in-controversy requirement for diversity jurisdiction.

As an initial matter, Target's notice of removal does not properly establish diversity of citizenship. Specifically, it alleges only Cheung's state of residence, not her state of citizenship. The two are not necessarily the same. Unless Target files an amended notice of removal by December 18, 2020 fully and properly alleging each party's citizenship, the Court will remand the case to state court. Because, however, it is likely that Target will meet this requirement, the Court will address the amount-in-controversy argument made in Chan's motion to remand.

### Facts

On September 20, 2019, Chan visited a Target store. While there, she tripped

over a clothing rack that was sticking out into an area traversed by customers and sustained injuries as a result of the fall. In July 2020 Chan filed suit against Target in the Circuit Court of Cook County, accusing Target of negligence and alleged damages "in an amount exceeding $50,000," Compl. at 3, resulting from "temporary and permanent disabling injuries to her head, body, mind, limbs, and nervous system." *Id.* ¶ 9. Chan alleged that she "will in the future expend and incur . . . further" expenses for medical care as a result of her injuries. *Id.*

Target removed the case to federal court within thirty days of service of summons. As indicated, Chan has moved to remand the case to state court, arguing that the amount in controversy did not exceed the requisite $75,000 at the time of removal.

## Discussion

Target argues that Chan's alleged injuries and her making, prior to removal, of a settlement demand in excess of $100,000 are sufficient evidence that the amount-in-controversy requirement for diversity jurisdiction is met. *See* Not. of Removal ¶ 4(c) (citing a settlement demand of over $100,000). Chan does not deny that she made a settlement demand in that amount but says that prior to filing suit, she reduced her settlement to $74,000. She contends that this, plus Target's settlement offer of only $15,000, establish that the amount in controversy did not exceed $75,000 at the time of removal.

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal district court if the district court would have had original jurisdiction over the case. Federal jurisdiction exists under 28 U.S.C. § 1332 if the amount in

2

controversy exceeds $75,000, exclusive of interest and costs, and the parties are of diverse citizenship.

"The amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit begins, or in the event of removal, on the day the suit was removed." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510–11 (7th Cir. 2006) (citation omitted). "Once the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat jurisdiction only if 'it appears to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Id.* at 511 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

Target has met its burden of showing that the amount in controversy was greater than $75,000 at the time of removal. Chan's complaint alleges that she sustained "temporary and permanent disabling injuries to her head, body, mind, limbs, and nervous system" as a result of Target's alleged negligence. Compl. ¶ 9. Chan further asserts that she expended and will continue to incur obligations for medical expenses and care as a result of her injuries. *Id.* And her complaint alleges damages "exceeding" $50,000. *Id.* at 3. Chan's claimed permanent injuries and her allegation regarding future medical expenses for these injuries are sufficient to establish a good faith belief that, at the time of suit, the amount in controversy exceeded $75,000. *See McCoy v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) ("[C]ourts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount.").

Chan has failed to show to a legal certainty that the amount in controversy is less

than $75,000. Neither her pre-removal settlement demand of $74,000 nor Target's settlement offer of $15,000 shows "to a legal certainty" that the amount in controversy did not exceed $75,000 at the time of removal. Indeed, given the uncertainty of proving liability, Chan's willingness to accept $74,000 in settlement actually reinforces the notion that there is more than $75,000 in controversy in this case. *See Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006) ("[T]he [plaintiff's] willingness to accept $60,000 supports a conclusion that the "controversy" exceeds $75,000.").

If Chan truly believed the amount in controversy is less than $75,000, she could have filed a binding stipulation to damages below the $75,000 jurisdictional minimum. That would be sufficient to entitle her to remand. *See Oshana*, 472 F.3d at 511 ("If [the plaintiff] really wanted to prevent removal, she should have stipulated to damages not exceeding the $75,000 jurisdictional limit."). But because Chan has not taken this step, remand is not appropriate.

## Conclusion

For the reasons stated above, the Court finds that amount in controversy at the time of removal was greater than $75,000. If defendant files, by December 18, 2020, an amended notice of removal properly alleging complete diversity of citizenship, the Court will deny plaintiff's motion to remand. At the telephone status hearing set for December 14, 2020, the parties should be prepared to set a discovery schedule.

Date: December 12, 2020

_____
MATTHEW F. KENNELLY
United States District Judge

4